**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JASON CORNELIUS ZIMMERMAN,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:12-cv-740-Orl-18DAB**

**SHAUN R. FERGUSON,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      **May 16, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the complaint be dismissed**.

Plaintiff, a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

   (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

> (2) seeks monetary relief from a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff has brought this action against Shaun Ferguson, alleged to be a "doctor/pastor" at Faith Temple Christian Center. In support of his complaint, Plaintiff alleges that Ferguson repeatedly sexually assaulted him in Cocoa, Florida and at the Christian Center (Doc. No. 1 at 6, 8-9). This Court has previously dismissed several prior actions brought by this Plaintiff against this Defendant, based on the same alleged conduct, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* Case No. 6:06-cv-652-ACC-DAB; 06-cv-708-GAP-KRS; 06-cv-710-ACC-DAB; *see also* Case Nos. 6:06-cv-782-PCF-DAB and 06-cv-850-GAP-DAB (dismissing two subsequent complaints against same defendant on the three strikes rule). Based upon these prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, his application to proceed in forma pauperis should be denied and the action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and **paying the full filing fee**.

As such, it is **respectfully recommended** that the motion be **DENIED** and the case be **DISMISSED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 6, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy